IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RYAN CORNELIUS RUMPH,     :
                       :
         Plaintiff,       :
     VS.                   :
                       :      NO. 5:16-CV-153-MTT-MSH
ENDRES,                :
                       :
         Defendant.    :
_____ :

## ORDER

In accordance with the Court's previous Order, *pro se* Plaintiff Ryan Cornelius Rumph, who is presently incarcerated at the Baldwin State Prison in Hardwick, Georgia, has filed a supplemental complaint providing additional detail regarding his claims brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. As such, his Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

### PRELIMINARY SCREENING

### I.    Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).    If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations and Plaintiff's Claims

The present action arises out of Plaintiff's confinement at the Baldwin State Prison ("BSP").  As best as the Court can tell, it appears Plaintiff is alleging that Defendant Endres, a medical provider at BSP, did not appropriately care for Plaintiff's medical needs between March 16 and March 25, 2016.  (Attach. 1 to Compl. at 4, ECF No. 1-1.) Plaintiff apparently became ill following an incident of "intoxication of chemical bleach" and began to vomit "waste substance." *Id.* at 1.  In his Supplemental Complaint, Plaintiff clarifies that he drank the bleach himself and complains that Defendant Endres did not "transit [him] to a hospital for detox[]" after he began to vomit.  (Suppl. Compl. 2, ECF No. 9.)  Plaintiff contends he "still experience[s] symptoms" from the bleach incident, specifically, the presence of "white blood cells" in his urine that leave him "vulnerable as to cooperate [his] feeling or expression." *Id.*[1]

Construing Plaintiff's allegations liberally, as the Court must at this stage, it appears Plaintiff may be trying to allege that Defendant Endres was deliberately

---

[1]Plaintiff has also incorporated within and attached to his original Complaint various documents that do not appear to be related to his claims against Defendant Endres and do not mention her.  The documents are comprised primarily of grievances filed by Plaintiff, responses filed by prison officials, and disciplinary reports describing various infractions by Plaintiff.  To the extent Plaintiff wishes to bring claims related to these documents, he must do so in a separate lawsuit.

indifferent to his serious medical needs in violation of the Eighth Amendment. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). "Mere negligence in diagnosing or treating a medical condition, or even medical malpractice, does not state an Eighth Amendment claim of medical mistreatment." *Id.* Moreover, "[w]hether prison officials should have employed additional diagnostic techniques or care is an example of medical judgment and not an appropriate basis for § 1983 liability." *Id.*

Plaintiff has first failed to establish a serious medical need. A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (alteration in original)). Apart from his statement that he intentionally ingested a substance that made him vomit, Plaintiff does not describe facts that suggest his condition posed a substantial risk of serious harm to him if left unattended. Plaintiff does not

clearly link the presence of white blood cells in his urine to his ingestion of bleach, instead stating only that he "wonder[s]" why he has white blood cells in his urine, (Attach. 1 to Compl. at 5), and Plaintiff does not describe any additional symptoms or lasting medical difficulties he has experienced after the bleach incident.

Even assuming Plaintiff had established a serious medical need, he has failed to allege sufficient facts to allow the Court to conclude that Defendant Endres was deliberately indifferent to that serious medical need.   To establish "deliberate indifference," to a serious medical need, Plaintiff must show that Defendant Endres had (1) subjective knowledge of a risk of serious harm, and (2) disregarded that risk (3) by conduct that is more than gross negligence. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010). Plaintiff acknowledges that Defendant Endres contacted some sort of poison control or hazardous materials entity in an apparent effort to determine how serious Plaintiff's ingestion of the bleach substance was.  (*See, e.g.,* Attach. 1 to Compl. at 1; Suppl. Compl. at 1 noting Defendant Endres "spoke with the chemical hazardous people on the telephone").)   And while Plaintiff alleges that he should have received a "continuing M.D. appointment" to follow up on the white blood cells in his urine, Plaintiff acknowledges he received follow up treatment with a physician on April 5, 2016. (Attach. 1 to Compl. at 3.)   Plaintiff also appears to take issue with the fact that Defendant Endres took "no photographic x-ray" following the incident, but Plaintiff offers no facts to suggest that an x-ray was medically required or even desirable. *See, e.g., Dunn*, 178 F. App'x at 877 (allegations of "dissatisfaction with the kind of medical

treatment" prisoner received from doctor does not necessarily state a claim that doctor was deliberately indifferent to prisoner's medical needs).

In sum, Plaintiff's medical care claims against Defendant Endres as pleaded are conclusory and fail to state a claim upon which relief may be granted.  For this reason, and because it does not appear that the applicable statute of limitations would bar Plaintiff from refiling his claims, they must be **DISMISSED without prejudice.**

## III.    Conclusion

For the foregoing reasons, the Court finds Plaintiff has failed to state a claim upon which relief may be granted.  As such, his Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 31st day of August, 2016.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT